## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

                                Case No. 1:21-cr-01235-WJ

    -vs-

**EDDIE ANTHONY GEORGE TRUJILLO,**

        **Defendant.**

## ORDER DENYING OPPOSED MOTION FOR RELEASE PENDING SENTENCING OR, IN THE ALTERNATIVE, FOR FURLOUGH

**THIS MATTER** is before the Court on defendant Eddie Anthony George Trujillo's Opposed Motion for Release Pending Sentencing or, in the Alternative, for Furlough, filed on August 4, 2022. Doc. 92. Mr. Trujillo is seeking release from custody until his sentencing, which currently is scheduled for September 30, 2022. *See id.* at 1. Alternatively, he's seeking a short release from custody so that he can spend time with his wife[1] and children before he goes away. *See id.* The United States opposes Mr. Trujillo's request. *See* Doc. 93. The Court denies Mr. Trujillo's motion for the following reasons.

### I.    Background

Mr. Trujillo was arrested on August 16, 2021, based on a criminal complaint that charged him with being a felon in possession of a firearm, in violation of 8 U.S.C. § 922(g)(1). *See* Doc. 2. Mr. Trujillo came before the Court for a preliminary hearing and a detention hearing on

---

[1] The pretrial services report indicated that Mr. Trujillo was not married, but that he was in a long-term relationship with Silvia Barela. *See* Doc. 9 at 2. The Court assumes that this is the "wife" that Mr. Trujillo is referring to.

August 20, 2021.  Doc. 16.  After considering the evidence presented at the hearing and the

information in the pretrial services report, the Court found by a preponderance of evidence that

Mr. Trujillo was a flight risk and by clear and convincing evidence that he was a danger to the

community.  Doc. 18 at 2.  The Court based its finding on the strength of the evidence against

Mr. Trujillo, his criminal history—without counting his juvenile convictions, Mr. Trujillo has

been convicted of battery against a household member (twice), possession of an unregistered

firearm (twice), residential burglary, domestic battery, attempted burglary, possession of a

controlled substance, being a felon in possession of a firearm, failure to appear, trafficking in a

controlled substance (twice), and being a felon in possession of a concealed firearm—his history

of violence or use of weapons, and his prior failures to appear.  Doc. 18 at 2–3.  The Court also

explained,

> SA Acee testified that defendant Eddie Trujillo came to his attention because
> validated members of the S&M prison gang and the Aryan Brotherhood (AB)
> gang identified Trujillo as a good source for firearms, ammunition, and heroin.
> Although Trujillo is not a member of either gang, confidential sources had
> identified him as a trustworthy and steady supplier of these items. During the
> investigation, three controlled buys were conducted with Trujillo. During one
> buy, a confidential informant purchased heroin from Trujillo, and during the other
> two buys, a confidential informant purchased a firearm from Trujillo. Both of the
> firearms purchased from Trujillo had obliterated serial numbers. The confidential
> sources believed that Trujillo had access to 40 or 50 firearms. A search warrant
> was executed at Trujillo's home early on Friday morning, August 13, 2021. A
> loaded AR-15 was found in Trujillo's bedroom, and $50,000 in cash was found in
> a crockpot in the kitchen. Trujillo was not home when the search was conducted
> on his house. And although only one firearm was found in Trujillo's residence,
> another firearm was found under the mattress in Trujillo's girlfriend's apartment,
> where Trujillo said he had been sleeping. Trujillo denied ownership of the gun
> under the mattress, as did Trujillo's girlfriend. SA Acee testified that law
> enforcement officers also found several keys during the search of Trujillo's
> residence, several of which appear to be for storage lockers. SA Acee's
> investigation is ongoing.
>
> Trujillo was arrested at his girlfriend's apartment at about 8:30 am on Friday,
> August 13, 2021. Law enforcement officers had surrounded the apartment and

used a public address system to tell Trujillo to come out of the apartment. A negotiator also tried calling Trujillo's cell phone to try to get him to come out of the apartment. After about five minutes, law enforcement officers notified Trujillo over the address system that they were going to send CS gas into the apartment, and he finally came out of the apartment and surrendered. After his surrender, law enforcement officers executed a search warrant on the apartment and found heroin residue inside the toilet bowl, a loaded .45 pistol under the bedroom mattress, and $5000 in currency in a backpack next to the bed.

During SA Acee's testimony, defendant was nodding in agreement as SA Acee described his conversation with Trujillo after he was arrested. SA Acee testified that Trujillo admitted that the loaded AR-15 found in his bedroom belonged to him, and that Trujillo said he used the AR-15 for target practice and protection. Defendant also admitted that he had been convicted of a felony, and that he knew that under federal law he was not permitted to possess a firearm. Defendant also admitted that the $50,000 in cash was his.

The evidence at the hearing strongly suggests that Trujillo is making his living by selling drugs and guns to gang members and others. This evidence, in addition to Trujillo's past history, establish that Trujillo is both a flight risk and a danger to the community.

Doc. 18 at 3.

On June 30, 2022, Mr. Trujillo pled guilty to the indictment, which contained the same charge as the complaint: being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924. His sentencing is scheduled for September 30, 2022. Doc. 91.

## II. Mr. Trujillo's Motion

Mr. Trujillo argues that the Court should release him pending sentencing because there is no presumption that he be detained pending sentencing; he was never charged with much of the evidence that SA Acee testified to during the detention hearing; his sentence is not likely to be very long; and his criminal history is not that bad. *See* Doc. 92 at 1–4. None of Mr. Trujillo's arguments have merit.

3

### III.  Analysis

Mr. Trujillo is incorrect that he is not subject to a presumption of detention.  Under 18

U.S.C. § 3143(a), ". . . the judicial officer *shall* order that a person who has been found guilty of

an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the

judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose

a danger to the safety of any other person of the community if released . . . ."  (Emphasis added.)

Under Rule 46(c) of the Federal Rules of Criminal Procedure, the "burden of establishing that

the defendant will not flee or pose a danger to any other person or to the community rests with

the defendant."  Mr. Trujillo has not carried his burden of proving by clear and convincing

evidence that he is neither a flight risk nor a danger to the community.

With regard to the testimony of SA Acee, Mr. Trujillo cites no authority that prevents the

Court from considering uncharged conduct in determining whether he is a danger to the

community or a flight risk.  At the detention hearing, Mr. Trujillo only was charged with being a

felon in possession, but the Court still could consider the evidence surrounding the investigation

and search warrants that led to Mr. Trujillo's arrest.  The Court is permitted to consider the

history and characteristics of the defendant, including his past conduct.  18 U.S.C. § 3142(g)(3).

The Court also is permitted to consider "the nature and seriousness of the danger to any person

or the community that would be posed by the person's release."  18 U.S.C. § 3142(g)(4).  There

is no requirement that the conduct be charged.  In this case, Mr. Trujillo appears to have been

with the girlfriend whom he now seeks to live with when he was arrested.  The circumstances of

that arrest—which suggest that Mr. Trujillo and/or his girlfriend flushed heroin down the toilet

before being forced from the residence—do not suggest that the girlfriend is an appropriate third-

party custodian or a positive influence on Mr. Trujillo.  And Mr. Trujillo has not presented any

evidence that persuades the Court that its original conclusion was wrong:  when Mr. Trujillo was arrested, it appeared that he was making his living by selling guns and drugs.

The fact that Mr. Trujillo's expected sentence may not be that long is not a reason to release him.  The statute only excepts defendants who are not facing any time under the guidelines from the presumption of detention.  *See* 18 U.S.C. § 3143(a)(1).  And the Court is not persuaded that Mr. Trujillo's expectation of a short sentence will incentivize him to comply with conditions of release and appear at future proceedings.  Mr. Trujillo has a history of failing to appear, which suggests that he will do so again.  Mr. Trujillo has failed to carry his burden of proving by clear and convincing evidence that he no longer poses a risk of nonappearance.

With respect to the argument that his criminal history is "not all that bad," Doc. 92 at 4, Mr. Trujillo's criminal history has only gotten worse since the detention hearing.  He now has been convicted, again, of being a felon in possession of a firearm.  Nothing else has changed since the Court's original detention hearing.  Mr. Trujillo has not carried his burden of proving by clear and convincing evidence that he is not a danger to the community.

Finally, Mr. Trujillo does not cite any authority that would permit the Court to grant Mr. Trujillo's request for a furlough.  *See* Doc. 92 at 2.  The United States appears to be correct that the authority to grant a furlough rests with the Bureau of Prisons.  *See* 18 U.S.C. § 3622. Although the Court may grant the temporary release of a person in pretrial detention under 18 U.S.C. § 3142(i), it may do so only for a "compelling" reason.  The desire to spend time with loved ones, although understandable, is common to almost all defendants and is not "compelling" within the meaning of the statute.  *See United States v. Alderete*, 336 F.R.D. 240, 266 (D.N.M. 2020) (relief under § 3142(i) should be used sparingly).  The Court therefore will deny Mr. Trujillo's alternative request for a furlough prior to sentencing.

5

IV.   **Conclusion**

**IT IS THEREFORE ORDERED** that defendant Eddie Anthony George Trujillo's

Opposed Motion for Release Pending Sentencing or, in the Alternative, for Furlough (Doc. 92) is

DENIED.

DATED this 18th day of August 2022

_____
Laura Fashing
United States Magistrate Judge